IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **KAREEM MUHAMMAD,**<br><br>　　　　**Plaintiff,**<br><br>　　v.<br><br>**CITY OF BAKERSFIELD, BAKERSFIELD POLICE DEPARTMENT, and OFFICER CHAD GARRET,**<br><br>　　　　**Defendants.** | 1:12 - CV- 2025 AWI JLT<br><br>ORDER VACATING HEARING DATE AND DENYING DEFENDANTS' MOTION TO DISMISS AS MOOT<br><br>Doc. # 9 |

　　This is an action for damages by plaintiff Kareen Muhammad ("Plaintiff") that was initially filed against a single individual defendant, Officer Chad Garret. On January 2, 2013, Defendant Garret filed a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. On February 4, 2013, Plaintiff filed an amended complaint which left the original claims unaltered, but added City of Bakersfield and Bakersfield Police Department as defendants. Doc. # 12. The court has examined the Docket Report for this action and finds that no answer has been filed by any Defendant as of the date Plaintiff's amended complaint was filed. Pursuant to Rule 41(a)(1)(A) of the Federal Rules of Civil Procedure a plaintiff may dismiss an action without court order if the dismissal is before the opposing party files either an answer to the complaint or a motion for summary judgment. Such dismissal by the

1 Plaintiff is without prejudice. Id.  Since Plaintiff has filed an amended complaint, the court
2 deems plaintiff's original complaint voluntarily dismissed.  Defendants' motion to dismiss is
3 therefore moot.
4      The court also notes that Plaintiff filed a "Motion for Continuance" on February 11,
5 2013, seeking a continuance of unspecified duration but the court surmises the request is
6 intended to be for a continuance during the pendency of Plaintiff's "criminal case."  While the
7 court has no information regarding Plaintiff's "criminal case," the court wishes to inform
8 Plaintiff that if he is a defendant in a criminal case where the adjudication of claims in the
9 Plaintiff's civil case would implicate the validity of claims in the criminal case, the civil case
10 in this court cannot proceed until the criminal case is resolved.  The court has no idea what
11 Plaintiff's criminal case involves; however, the court will not consider a motion for
12 continuance unless an amount of time is specified.  Plaintiff may therefore wish to consider
13 voluntarily dismissal of his civil case in this court with the intent of filing a new complaint
14 when the criminal case is resolved, being mindful of any statute of limitations issues that
15 might subsequently arise.  The court will allow Plaintiff to file a motion to voluntarily dismiss
16 his First Amended Complaint without prejudice not later than fourteen (14) days from the date
17 of service of this order.  If no motion to voluntarily dismiss is received, Defendants may
18 thereafter re-file their motion to dismiss and the court will proceed thereon unless Plaintiff
19 requests continuance for a specific number of days.
20
21      THEREFORE, in consideration of the foregoing, it is hereby ORDERED that
22 Defendants' Motion to Dismiss Plaintiff's Complaint is hereby DENIED as MOOT.  Any
23 hearing dates associated with that motion, including the hearing date currently scheduled for
24 February 19, 2013, is hereby VACATED and no party shall appear at that time.
25 IT IS SO ORDERED.
26
27 Dated:   February 13, 2013                                       SENIOR DISTRICT JUDGE
28