1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# IN THE UNITED STATES DISTRICT COURT FOR THE

## EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| KAREEM MUHAMMAD, | ) | 1: 12 - CV - 02025 - AWI - JLT |
| | ) | |
| **Plaintiff**, | ) | |
| | ) | **ORDER RE: PLAINTIFF'S** |
| **v.** | ) | **MOTION FOR** |
| | ) | **CONTINUANCE** |
| CITY OF BAKERSFIELD, | ) | |
| BAKERSFIELD POLICE DEPARTMENT, | ) | |
| and OFFICER CHAD GARRETT, | ) | [Document # 19] |
| | ) | |
| | ) | |
| **Defendants**. | ) | |
| | ) | |
| | ) | |

## BACKGROUND

On November 27, 2012, Plaintiff Kareem Muhammad ("Plaintiff") filed an action for damages against Officer Chad Garrett ("Defendant") in Kern County Superior Court. Defendant removed the action to this Court on December 13, 2012. On January 2, 2013, Defendant filed a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff amended his complaint on February 4, 2013, leaving the original claims unaltered but adding the City of Bakersfield and the Bakersfield Police Department as additional defendants.

On February 11, 2013, Plaintiff filed his first motion for continuance (Doc. 14) seeking a continuance of an unspecified duration. The court rejected that motion because "the court will not consider a motion for continuance unless an amount of time is specified." Doc. 15, 2: 11-12.

On February 25, 2013, Plaintiff filed a second motion for continuance seeking that "this case be postponed for 90 days from the filing date of this motion."  Motion for Continuance, Doc. 19, 2: 7-8.

### DISCUSSION

Plaintiff moves for a continuance, requesting a "90 day postponement" of this case because he is currently a party to a criminal trial with the "possibility that [he] could be incarcerated if convicted of the current accusations."  Motion for Continuance, Doc. 19, 2: 8-9. Plaintiff seeks a postponement of his civil trial because Plaintiff alleges that there may be evidence from his criminal trial that is relevant to his civil trial.  Plaintiff also requests a postponement of his civil trial for additional reasons: 1) he is unable to afford counsel and 2) his counsel in the criminal case will only assist in this case after Plaintiff's criminal trial has been completed.  *Id.*

Plaintiff's motion is essentially a request to stay this litigation pending the outcome of Plaintiff's criminal case.  Even though the Constitution does not ordinarily require a stay, district courts may decide in their discretion to stay civil proceedings pending the outcome of any criminal proceeding.  See *Federal Savings & Loan Insurance Corp. v. Molinaro*, 889 F.2d 899, 901-03 (9th Cir. 1989); see also *Keating v. Office of Thrift Supervision*, 45 F.3d 322, 324 (9th Cir. 1995) ("A court may decide in its discretion to stay civil proceedings... 'when the interests of justice seem to require such action.'").  The decision whether to stay civil proceedings in the face of parallel criminal proceedings should be made "in light of the particular circumstances and competing interests involved in this case."  *Molinaro*, 889 F.2d at 902.

Courts within the Ninth Circuit have applied the *Molinaro* factors when considering a request for a stay.  See, e.g., *U.S. v. Booth*, 2010 WL 315543, *1 (E.D. Cal. 2010).  Under *Molinaro*, factors to consider in granting a stay are: (1) the interest of the plaintiffs in proceeding expeditiously with the litigation or any particular aspect of it, and the potential prejudice to plaintiffs of a delay; (2) the burden which any particular aspect of the proceedings may impose

2

on defendants; (3) the convenience of the court in the management of its cases, and the efficient use of judicial resources; (4) the interests of persons not parties to the civil litigation; and (5) the interest of the public in the pending civil and criminal litigation. *Molinaro*, 889 F.2d. at 903.

***Factor #1: Interest of Plaintiff in proceeding expeditiously with this litigation or any particular aspect of it, and the potential prejudice to Plaintiff of a delay.***

Plaintiff fails to identify any information regarding the nature of his criminal case (i.e. what offenses he is being charged for) but merely provides a case number from the Kern County Superior Court.  Without information regarding the nature of Plaintiff's criminal case, the court is unable to make a determination whether Plaintiff would be prejudiced if he was unable to use the "fruits of [his] criminal case" against Defendants in this civil action.  In any case, "discovery obtained through a parallel criminal proceeding is a windfall, not an entitlement." *Belford Strategic Investment Fund , LLC v. United States*, 2005 WL 3278597 (N.D. Cal. 2005).  Plaintiff will suffer no prejudice if a stay is denied because Plaintiff is still be able to gather relevant evidence for his civil trial through discovery here.  See *U.S. v. Booth*, 2010 WL 315543, *2 (E.D. Cal. 2010) ("The [party] here will simply have to conduct its own discovery, like every other civil defendant must do.").

"The strongest case for deferring civil proceedings until after completion of criminal proceedings is where a party under indictment for a serious offense is required to *defend* a civil or administrative action involving the same matter." *Taylor, Bean & Whitaker Mortgage Corp., v. Triduanum Financial Inc.,* 2009 WL 2136986, *2 (E.D. Cal. 2009) (quoting *Securities & Exchange Commission v. Dressler Industries, Inc.*, 628 F.2d 1368, 1375 (D.C. Cir. 1980) (emphasis added).  In this case, Plaintiff is not being charged with any "serious" offense.  Furthermore, Plaintiff is prosecuting, not defending, the civil action.  The criminal indictments brought against Plaintiff could make prosecuting the civil action more difficult for him, but this difficulty is not sufficient grounds for a stay.

***Factor #2: Burden which any particular aspect of the proceedings may impose on defendants.***

Neither party has explained, and the Court cannot envision, how Defendants' interests might be adversely affected by a stay.  Accordingly, the Court finds this factor does not weigh in favor of a stay.

***Factor #3: Convenience of the court in the management of its cases, and the efficient use of judicial resources.***

It is likely that the record developed from the criminal case will shed light on the claims herein, refocus the parties on what remains factually in dispute, and narrow the issues for adjudication.  See *U.S. v. Booth*, 2010 WL 315543, *2 (E.D. Cal. 2010).  There should be some conservation of resources if the criminal matter could resolve factual issues relevant to the civil case.  Accordingly, the Court finds this factor weighs in favor of a stay.

***Factor #4: Interests of persons not parties to the civil litigation.***

No third party interests have been identified here.  Accordingly, the Court finds this factor does not weigh in favor of a stay.

***Factor #5: Interest of the public in the pending civil and criminal litigation.***

Nevertheless, the Court finds that there is a public interest in favor of staying the civil case due to a concern for preserving the integrity of the criminal proceedings.  "A litigant should not be allowed to make use of the liberal discovery procedures applicable to a civil suit as a dodge to avoid the restrictions on criminal discovery and thereby obtain documents he would not otherwise be entitled to for use in his criminal suit.  Judicial discretion and procedural flexibility should be utilized to harmonize the conflicting rules and to prevent the rules and policies applicable to one suit from doing violence to those pertaining to the other. In some situations it may be appropriate to stay the civil proceedings." *United States v. Bridges*, 86 F.Supp. 931, 932 (N.D. Cal. 1949).  "A criminal defendant is entitled to rather limited discovery, with no general

right to obtain the statements of the Government's witnesses before they have testified.  In a civil case, by contrast, a party is entitled as a general matter to discovery of any information sought if it appears reasonably calculated to lead to the discovery of admissible evidence." *Degen v. Untied States*, 510 U.S. 820, 825 (1996).  Therefore, the public interest is served by a stay in this matter.

## CONCLUSION AND ORDER

Staying the litigation will not prejudice Plaintiff, burden Defendants, nor harm third parties.  To the contrary, staying the litigation will make efficient use of judicial resources by "insuring that common issues of fact will be resolved and subsequent civil discovery will proceed unobstructed by concerns regarding self-incrimination." *Taylor*, 2009 WL 2136986, *4 (quoting *Jones v. Conte*, 2005 WL 1287017 (N.D. Cal. 2005)).  Furthermore, the public interest will be served by a stay in this matter. *Jones*, 2005 WL 1287017 at *2 ("[T]he public's interest in the integrity of the criminal case is entitled to precedence over the civil litigant.").

THEREFORE, in consideration of the foregoing, it is hereby ORDERED that Plaintiff's Motion for Continuance is GRANTED.  The Court stays this action pending further order of the Court.  Plaintiff is ordered to 1) file a status report regarding his criminal case every 90 days and 2) a motion to reopen this case within 30 days of the conclusion of his criminal case.  Failure to comply with the order shall result in a dismissal of this case without prejudice.  The Court respectfully directs the Clerk of the Court to terminate Plaintiff's first motion for continuance Doc. 14.

IT IS SO ORDERED.

Dated:   March 4, 2013   

_____
SENIOR  DISTRICT  JUDGE